Filed 5/16/22  P. v. Hernandez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F082946 |
| Plaintiff and Respondent, | |
| v. | (Kings Super. Ct. No. 20CMS1688) |
| JOSE ALBERTO HERNANDEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tartar, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Levy, J. and Poochigian, J.

## INTRODUCTION

Appellant and defendant Jose Alberto Hernandez pleaded no contest to possession of a weapon while an inmate in state prison (Pen. Code, §4502, subd. (a))[1] and was sentenced to two years, consistent with a negotiated disposition. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant has filed a supplemental brief in pro. per. We affirm.

## FACTS[2]

On November 8, 2019, defendant was an inmate at Corcoran State Prison. Correction Officer Anthony Arisco conducted a search of defendant's cell as part of a mass search of all cells. Defendant was the only occupant of his cell. The prison's policy was to search the entire cell and toilet before it was assigned to an inmate.

Officer Arisco found a plastic ring inside the toilet that was attached to a string. Arisco pulled on the string, and it was connected to a bag that contained two pieces of metal. Both pieces had been made into stabbing-type weapons. One end on each piece was sharpened to a point. One piece was about four inches long, and the other piece was five inches long.

## PROCEDURAL BACKGROUND

On March 30, 2020, a complaint was filed in the Superior Court of Kings County charging defendant with count 1, possession of a weapon, a sharp instrument, while confined in a penal institution (§ 4502, subd. (a)), with three prior strike convictions.[3]

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The following facts are from the preliminary hearing.

[3] Section 4502, subdivision (a) states: "Every person who, while at or confined in any penal institution, while being conveyed to or from any penal institution, or while under the custody of officials, officers, or employees of any penal institution, possesses or carries upon his or her person or has under his or her custody or control any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles, any explosive substance, or fixed ammunition, any dirk or

**Initial Plea Offer**

On November 16, 2020, the court convened a pretrial conference. The prosecutor stated that defendant's maximum exposure was 25 years to life, and there was an outstanding plea offer for two years. Defense counsel asked if the court would waive the restitution fine as part of the plea offer. The court said it would not waive the fine but would impose the statutory minimum amount. Defendant declined the plea offer and requested to go ahead with the preliminary hearing.

On January 26, 2021, the preliminary hearing was held, and defendant was held to answer.

**The Information**

On January 27, 2021, the information was filed, again charging defendant with violating section 4502, subdivision (a), with four prior strike convictions: robbery in 1994 (§ 211); attempted murder in 2011 (§§ 664, 187, subd. (a)); assault with a firearm in 2011 (§ 245, subd. (a)(2)); and assault with a deadly weapon while confined in state prison in 2019 (§ 4501, subd. (a)).

**Plea and Sentence**

On May 3, 2021, the court convened the trial setting conference, and the prosecutor stated they reached a plea agreement for an indicated sentence of one-third the midterm, doubled to two years as the second strike term. Defense counsel agreed. Defendant addressed the court and said the agreement was for two years without restitution. The prosecutor explained there was no direct restitution to a victim, but a restitution fine would be imposed. The court advised defendant it would impose the minimum restitution fine and two other fees, but it would not waive the fines and fees.

---

dagger or sharp instrument, any pistol, revolver, or other firearm, or any tear gas or tear gas weapon, is guilty of a felony and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, to be served consecutively."

The court asked defense counsel to consult with defendant. Defendant said he would accept the plea offer for two years "if they can quash the restitution on it." The court said it would not do that. Defense counsel advised defendant that the court would only impose the minimum, and defendant agreed to the plea offer of two years.

Defendant pleaded no contest to count 1, admitted one prior strike conviction, and waived his right to an appeal, for an indicated sentence of one-third the midterm, doubled as the second strike term. The court relied on the preliminary hearing for the factual basis.

Defendant waived time and requested immediate sentencing. The court sentenced him to one year (one-third the midterm) doubled to two years, consecutive to the determinate term he was then serving for another in-prison offense.[4]

The court imposed the minimum restitution fine of $300 (§ 1202.4, subd. (b)) and stayed the parole revocation fine in the same amount (§ 1202.45). The court also imposed the criminal conviction assessment of $30 (Gov. Code, § 70373) and the court operations assessment of $40 (§ 1465.8).

On June 11, 2021, defendant filed a notice of appeal. On June 18, 2021, his request for a certificate of probable cause was granted.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 17, 2021, we invited him to submit additional briefing.

---

[4] According to the probation report, defendant was convicted, after a jury trial in 2011, of attempted premeditated murder with a firearm enhancement, assault with a firearm, and felon in possession of a firearm and was sentenced to life plus 13 years.

In 2018, defendant was convicted of assault by an inmate (§ 4501, subd. (a)) with a great bodily injury enhancement (§ 12022.7) and sentenced to a consecutive determinate term of seven years.

4.

After obtaining extensions of time, defendant submitted a supplemental brief in pro. per. on January 31, 2022, and argued defense counsel was prejudicially ineffective for failing to investigate and obtain documentary evidence as to whether his cell was searched before he was placed there. Defendant further argued counsel failed to explain the plea and coerced him into accepting it by telling him that he would be sentenced to life if he did not accept the plea.

We first note that defense counsel correctly advised defendant that he faced a third strike term of 25 years to life if he went to trial and was convicted of the charged violation of section 4502, subdivision (a) with the prior strike convictions. (See, e.g., *People v. Valdez* (2017) 10 Cal.App.5th 1338, 1348.) We further note that at the preliminary hearing, Officer Arisco testified that defendant was the only inmate in the cell, and the cell and toilet were searched prior to placing him there. On cross-examination, defense counsel asked Arisco whether a certain form had to be completed to show a cell was searched before an inmate was placed inside. Arisco said yes. Counsel asked Arisco if he brought that form to show defendant's cell had previously been searched. Arisco said no, because he was not responsible for searching cells before inmates were placed inside, but that it was the prison's policy to search cells before the inmates are housed. Defense counsel asked if he knew for sure the cell had been searched, and Arisco said no.

Defense counsel clearly brought out the possibility that the cell had not been searched prior to defendant being housed there. We note, however, the preliminary hearing was held on January 26, 2021, and defendant entered his plea on May 4, 2021. There was thus sufficient time that counsel could have conducted additional investigation to determine whether the cell was searched before defendant was housed there, which might have undermined the charged offense. Instead, the record suggests defense counsel reached the opposite conclusion, and advised defendant on the record that it was

advisable to accept the plea offer of two years, since he faced a life term if he went to trial and was convicted.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.

6.